UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**OTHA CASSELL,**

    **Plaintiff,**

    v.

    Civil Action 2:09-cv-01154
    Judge **GREGORY L. FROST**
    Magistrate Judge E.A. Preston Deavers

**STEVEN MCINTOSH,** *et al.,*

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the United States Magistrate Judge for a Report and Recommendation on the Court's December 20, 2010 Show Cause Order. (ECF No. 14.) For the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

### I.

On December 22, 2009, Plaintiff, Otha Cassell, Jr., a state prisoner proceeding without the assistance of counsel, filed a Complaint challenging the lawfulness of criminal charges of possession of drugs and having a weapon while under a disability. On January 4, 2010, in response to the Court's Deficiency Order (ECF No. 4), Plaintiff moved to proceed *in forma pauperis*. (ECF No. 5.) On January 8, 2010, the Court denied Plaintiff's Motion to Proceed *in Forma Pauperis* (ECF No. 5) because it was not supported by either an affidavit on the Court's form or a prison cashier's statement of inmate funds. (*See* ECF No. 7.)

On March 9, 2010, Plaintiff filed a Notice of Appeal (ECF No. 8), challenging the

Court's January 8, 2010 Order. After Plaintiff filed this Notice of Appeal, the Court ordered Plaintiff to fill out and execute the attached Application and Affidavit by an Incarcerated Person to Proceed Without Prepayment of Fees or pay the filing fee within thirty days. (ECF No. 10.) Plaintiff failed to comply with this Order. Consequently, the United States Court of Appeals for the Sixth Circuit dismissed Plaintiff's appeal for want of prosecution. (*See* Doc. 12).

This Court again ordered Plaintiff to either pay the filing fee or fill out and execute an Application and Affidavit by an Incarcerated Person to Proceed Without Prepayment of Fees, warning that failure to do so would result in dismissal for failure to prosecute. (ECF No. 13.) Again, Plaintiff ignored the Court's Order, prompting the Court's December 20, 2010 Show Cause Order, which ordered Plaintiff to show cause on or before January 2, 2011, why this case should not be dismissed with prejudice for want of prosecution. (ECF No. 14.) To date, Plaintiff has not responded to the Show Cause Order.

## II.

Under the circumstances presented in the instant case, the undersigned recommends dismissal of Plaintiff's action pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R..Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363).  "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'"  *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### III.

Here, the record amply demonstrates such delay and contumacious conduct.  The Court has ordered Plaintiff to either pay the filing fee or fill out the Court's *in forma pauperis* application no less than four times.  (*See* ECF Nos. 4, 7, 10 and 13.)  These Orders provided Plaintiff with adequate notice of the Court's intention to dismiss for failure to prosecute and supplied him with a reasonable period of time to comply.  The Court also provided Plaintiff with an opportunity to show cause why this case should not be dismissed with prejudice for want of prosecution.  Because Plaintiff continues to disregard Court orders, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.  The undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's action under Rule 41(b).

January 14, 2011                                     /s/ *Elizabeth A. Preston Deavers*
                                                                        Elizabeth A. Preston Deavers
                                                                        United States Magistrate Judge

3